IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

HOWARD LEE HOWE,                                           CV. 03-116-HU

        Petitioner,               FINDINGS AND RECOMMENDATION

  v.

ROBERT LAMPERT,

        Respondent.

Tonia L. Moro
Assistant Federal Public Defender
15 Newtown Street
Medford, Oregon 97501

    Attorney for Petitioner

Hardy Myers
Attorney General
Lester R. Huntsinger
Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, Oregon 97301-6313

    Attorneys for Respondent

HUBEL, Magistrate Judge

    Petitioner, an inmate at the Snake River Correctional Institution, brings this habeas corpus proceeding pursuant to 28

U.S.C. § 2254. For the reasons set forth below, petitioner's habeas corpus petition should be denied.[1]

**BACKGROUND**

On November 29, 1996, petitioner was indicted on charges of Robbery in the Third Degree, Theft in the First Degree, Assault in the Fourth Degree, and two counts of Burglary in the First Degree. The charges arose out of two incidents. First, it was alleged that petitioner entered his sister's home (with the intent to commit the crime of theft), stole items from her home, and sold those items to a pawn shop. Second, it was alleged that petitioner remained on the premises of Providence Medical Center (with the intent to commit the crime of theft), stole a wallet from Jennifer Marie Ingham, and recklessly caused physical injury to her.

Petitioner's trial counsel negotiated a plea agreement under which the burglary and theft charges relating to petitioner's sister's home were dropped. In the plea petition, the parties agreed to the grid-block classifications of the remaining offenses,

---

[1] For purposes of this decision, I assume that the supplemental exhibits submitted by petitioner, are admissible pursuant to Rule 7 of the Rules Governing Section 2254 Proceedings, on the basis that they are largely background information and consideration of the exhibits does not accomplish the "same end" as an evidentiary hearing. See Cargle v. Mullin, 317 F.3d 1196, 1209 (10th Cir. 2003) (when expansion of the record is used to achieve same end as evidentiary hearing, petitioner must satisfy 28 U.S.C. § 2254(e)(2)(cited with approval in Holland v. Jackson 124 S.Ct. 2736, 2738 (2004)).

but left the sentence "open".[2]  The plea agreement provided that the maximum sentence petitioner could receive was 26 years, and that the "Denny Smith rule" (O.R.S. 137.635) applied.  The plea agreement recited that petitioner was satisfied with the advice and assistance he had received from counsel.

At the plea hearing, petitioner entered (1) a guilty plea to Burglary in the First Degree (one count); and (2) a no contest plea to the charges of Robbery in the Third Degree and Assault in the Fourth Degree.  Petitioner reiterated to the court that he was satisfied with the legal assistance provided by his attorney.  Petitioner acknowledged that the maximum sentence he could receive was 26 years, and that the "Denny Smith rule" applied to his sentence.

On December 17, 1997, petitioner was sentenced to 130 months imprisonment on the burglary charge (a departure sentence), a consecutive 14-month sentence on the robbery charge, and a concurrent 6-month jail sentence on the assault charge.  Pursuant to the plea agreement, the remaining charges were dismissed.

Petitioner filed a direct appeal which he subsequently dismissed.  Petitioner filed a state post-conviction proceeding raising four claims of ineffective assistance of counsel and

---

[2] In other words, although the plea petition defined the presumptive sentencing range, it did not preclude the prosecution from seeking, or the court from imposing, a departure sentence.  See O.R.S. 135.407(3)(2003).

multiple sentencing errors. The trial court denied post-conviction relief, the Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. Howe v. Lampert, 182 Or. App. 384, 52 P.3d 447, rev. denied, 334 Or. 631 (2002).

In the instant proceeding, petitioner raises only three claims of ineffective assistance of counsel: (1) failure to conduct an adequate investigation; (2) failure to prepare a defense; and (3) failure to advise petitioner of the mandatory minimum sentence.

## DISCUSSION

A claim of ineffective assistance of counsel requires petitioner to prove that counsel's performance fell below an objective standard of reasonableness, and that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Bell v. Cone, 535 U.S. 685, 695 (2002); Williams v. Taylor, 529 U.S. 362, 390-91 (2000); Strickland v. Washington, 466 U.S. 668, 687-88 (1987). This standard applies to ineffective-assistance claims arising out of the plea process. Hill v. Lockhart, 474 U.S. 52, 57-58 (1985).

**I. Ground for Relief One: Failure to Investigate.**

In his first ground for relief, petitioner alleges that trial counsel was ineffective due to his failure to investigate. Petitioner alleges that trial counsel did not investigate the circumstances of the crime, and the true extent of the victim's

4 -- FINDINGS AND RECOMMENDATION

physical injury. In his supporting memorandum, petitioner explains that trial counsel failed to investigate three keys elements of the State's case: "1) that Mr. Howe was lawfully directed to leave the hospital and failed to do so; 2) that, if he was asked to leave, the person asking him to leave was a representative or employee of the person in control of the hospital; and 3) that the victim sustained a physical impairment or suffered substantial pain."

At the plea hearing, the prosecution informed the court that, if the case proceeded to trial, the state would prove that petitioner entered Providence Medical Center and stole Jennifer Ingham's wallet. Jennifer Ingham would testify that petitioner hit her on the head and neck, and that she suffered significant pain, swelling and redness. The prosecution stated that Ms. Ingham would further testify that she experienced pain on the level of six or seven (on a scale of one to ten), that she had to take "pain killers or muscle relaxants for a period of two weeks", and that "her ability to move her neck was significantly impaired."

At the post-conviction proceeding, trial counsel attested to the facts of the case and his investigation as follows:

> The case involved two occurrences of burglary. One occurrence took place in a hospital. Mr. Howe had gone into the hospital to see if they would treat him for heroin addiction. Since the hospital did not offer those kinds of treatment, they told him to leave. Mr. Howe got mad and ran into the victim as he was leaving. . . . Mr. Howe roughed up the victim and stole her wallet. . . . I obtained emergency records from the hospital which confirmed the injury that resulted to the victim.

5 -- FINDINGS AND RECOMMENDATION

> Although the injuries may not have been serious, they were notable. Further investigation was superfluous since the petitioner readily admitted to the incident . . . .

At the conclusion of the hearing, the post-conviction court held that trial counsel made a reasonable investigation, including obtaining the victim's medical records and "information about the facts of the case."

Federal habeas corpus relief is not warranted as to this ground for relief because petitioner has failed to demonstrate that counsel was deficient, or that petitioner suffered any prejudice as a result of trial counsel's alleged omissions.[3] Where "the alleged error of counsel is a failure to investigate or discover potentially exculpatory evidence, the determination whether the error 'prejudiced' the defendant by causing him to plead guilty rather than go to trial will depend on the likelihood that discovery of the evidence would have led counsel to change his recommendation as to the plea." Hill, 474 U.S. at 59; Lambert v. Blodgett, 393 F.3d 943, 982 (9th Cir. 2004). "This assessment, in

---

[3] I reject petitioner's suggestion that prejudice should be presumed because counsel's performance rose to the level of complete abandonment of his duty to his client. See United States v. Cronic, 466 U.S. 648, 659-60 & n.25 (1984) (prejudice is presumed when (1) assistance of counsel is denied altogether; (2) counsel "entirely fails to subject the prosecution's case to meaningful adversarial testing;" or (3) circumstances exist which would prevent any competent counsel from providing effective assistance); see also Bell, 535 U.S. at 697 (application of Cronic under second exception requires "complete" failure on the part of counsel).

turn, will depend in large part on a prediction whether the evidence likely would have changed the outcome of a trial." Hill, 474 U.S. at 59.

Although petitioner carefully sets forth the relevance of each of the foregoing "key elements", he fails to offer any evidence which, if discovered by counsel, would have led counsel to change his recommendation as to the plea. Petitioner simply speculates that if some evidence had been discovered on these "key elements", he may not have pled guilty. Mere speculation, however, is insufficient to demonstrate that the state court's findings of fact were unreasonable or that its rejection of this ineffectiveness claim was contrary to, or an unreasonable application of, clearly established federal law. See 28 U.S.C. § 2254(d) & (e)(1). Accordingly, habeas relief is not warranted.

## II. **Ground for Relief Two: Failure to Prepare Defense**.

In his second ground for relief, petitioner alleges that trial counsel was ineffective for failing to prepare a defense prior to plea negotiations. In this regard, petitioner complains that trial counsel expressed his belief that petitioner was guilty.

At the post-conviction proceeding, trial counsel attested to the following:

> [Petitioner] helped his sister move into her new house and soon after she was burglarized. . . . Then a couple of hours after the burglary, the stolen items were pawned. Mr. Howe's signature appeared on the pawn receipt listing the items that had been stolen from his

7 -- FINDINGS AND RECOMMENDATION

> sister's house. Mr. Howe claimed that he had been walking down the street and ran into a stranger. This stranger stopped him and wanted to pawn the items. However, the stranger had lost his driver's license and could not sign the pawn receipt. The stranger asked Mr. Howe to sign it and that was how his signature appeared on the receipt. . . .
>
> I did state to the petitioner that I thought his best option was to take the plea offer. Mr. Howe readily admitted to committing the burglary at the hospital. Although he denied the allegations in his sister's burglary, his guilt was obvious and no one in their right mind would believe the story he gave. In determining the best course of action for my client, I considered his chances had we gone to a jury trial. Because of Mr. Howe's prior criminal activity and appearance, neither incidence offered much jury appeal. His best choice was to take a plea.
>
> Mr. Howe did not state specifically that he wanted a trial. He stated that if the charges for his sister's burglary were not dismissed, he would rather go to trial. . . . On the other hand, he admitted to the incident in the hospital.

The post-conviction court concluded that "the record contains strong, if not overwhelming, evidence of guilt" and that trial counsel's recommendation that petitioner enter a plea "was valid if not prudent and an advisable strategy on the part of . . . counsel." The court further held that there is no evidence in the record that petitioner's plea was not knowing and voluntary.

In order to prevail on this ground, petitioner must show prejudice, i.e., that there is a reasonable probability that, but for counsel's omission, petitioner would not have pleaded guilty, and would have insisted on going to trial. Hill, 474 U.S. at 59; Lambert, 393 F.3d at 980. Petitioner has made no such showing.

8 -- FINDINGS AND RECOMMENDATION

Petitioner offers no clear and convincing evidence to rebut the post-conviction court's findings that the evidence against petitioner was strong, and that trial counsel's recommendation that petitioner plead guilty was an advisable strategy. 28 U.S.C. § 2254(e)(1). Petitioner has not demonstrated that the post-conviction court's rejection of this ineffectiveness claim is contrary to, or an unreasonable application of clearly established federal law. 28 U.S.C. § 2254(d). Accordingly, habeas relief is not warranted.

**III. <u>Ground for Relief Three: Failure to Advise Petitioner of Mandatory Minimum Sentence</u>.**

In his third ground for relief, petitioner alleges that trial counsel was ineffective for failing to advise petitioner of the mandatory minimum sentence. At the post-conviction proceeding, trial counsel attested that he recalled informing petitioner, prior to entering into the plea negotiation, that the Denny Smith rule would apply. Petitioner, in contrast, stated in his deposition that the Denny Smith rule wasn't mentioned until after he entered his plea, and that he did not see any reference to the rule in the plea petition.

The post-conviction court found that petitioner's claim of ignorance was contradicted by the record. The court held that application of the Denny Smith rule was noted in the plea agreement, and that counsel had testified that he informed

9 -- FINDINGS AND RECOMMENDATION

petitioner of the Denny Smith rule prior to the entry of the plea. Petitioner provides no clear and convincing evidence to rebut the post-conviction court's findings of fact. See 28 U.S.C. § 2254(e)(1). Petitioner has failed to demonstrate that the state court's rejection of this ineffectiveness claim is contrary to, or an unreasonable application of, clearly established federal law. 28 U.S.C. § 2254(d)(1). Accordingly, habeas corpus relief is not warranted.

**IV.** **New and Procedurally Defaulted Claims.**

In petitioner's formal petition for state post-conviction relief, petitioner raised a fourth ineffectiveness claim not raised in the instant proceeding, namely that "[t]rial counsel failed to inform Petitioner that the initial plea agreement had been radically altered prior to sentencing." Because this ground was not raised in his federal habeas corpus petition, it is not properly before this court. See Rule 2(c), Rules Governing Section 2254 Cases. Even if this court were to conclude that this fourth ineffectiveness ground was pled, the claim is procedurally defaulted due to petitioner's failure to pursue the claim in his appeal from the denial of post-conviction relief.

Further, I reject petitioner's argument that his current contention, that trial counsel was ineffective at the plea hearing and sentencing (due to his failure to object to the prosecution's

alleged breach of the plea agreement and the trial judge's alleged sentencing errors), is properly before this court.

Petitioner's challenge to the legality of his sentence was raised at the state post-conviction proceeding as a sentencing error only. Indeed, the sole argument in petitioner's post-conviction trial memorandum, was that the *trial judge* violated O.A.R. 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, by sentencing petitioner under grid block 5-B, rather than grid block 5-I on the robbery conviction. In other words, petitioner did not allege that the sentencing errors were caused by constitutionally ineffective assistance of counsel.[4]

I reject petitioner's attempt to recast this sentencing error claim as a claim of ineffective assistance of counsel in the instant proceeding. Such a claim is not contained in his federal habeas corpus petition. See Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994), cert. denied, 514 U.S. 1026 (1995) (petitioner cannot raise new ground for relief in supporting memorandum). Moreover, such a claim was not fairly presented to the state courts by virtue of petitioner's claim that the *trial court* erred in sentencing, or that trial counsel was ineffective in the three particulars addressed above. See Rose v. Palmateer, 395 F.3d 1108,

---

[4] The state post-conviction court rejected the sentencing error claims on the basis that they should have been raised on direct appeal. Petitioner did *not* pursue the sentencing error argument on appeal. Accordingly, to the extent that petitioner seeks to challenge the legality of his sentence in this proceeding, the claim is procedurally defaulted.

1112 (9th Cir. 2005), petition for cert. pending (Apr. 20, 2005) (related claims, with distinct elements of proof, must be separately exhausted); Kelly v. Small, 315 F.3d 1063, 1068 (9th Cir.), cert. denied,538 U.S. 1042 (2003) (fair presentation requires petitioner to identify each alleged failure to trial counsel). Finally, even if I were to accept petitioner's contention that he raised a claim of ineffective assistance of counsel claim for failure to object to an illegal sentence, the claim was not exhausted in his appeal from the denial of post-conviction relief. For all of these reasons, the claim is procedurally defaulted.

Petitioner has failed to demonstrate cause and prejudice sufficient to excuse the procedural default or that failure to consider the claim will result in a miscarriage of justice. Accordingly, federal habeas corpus relief is precluded.

In a supplemental memorandum, petitioner alleges that his sentence violates Apprendi v. New Jersey, 530 U.S. 466 (2000), and Blakely v. Washington, 124 S.Ct. 2531 (2004). This supplemental claim is denied because it was not raised in the petition, no motion to amend the petition was filed, and because the holdings in Apprendi and Blakely do not apply retroactively in collateral proceedings. Cooper-Smith v. Palmateer, 397 F.3d 1236, 1245-46 (9th Cir. 2005); United States v. Sanchez-Cervantes, 282 F.3d 664, 671 (9th Cir.), cert. denied, 537 U.S. 939 (2002).

## CONCLUSION

Based on the foregoing, petitioner's habeas corpus petition (#2) should be denied, and this proceeding should be dismissed, with prejudice.

## SCHEDULING ORDER

The above Findings and Recommendation are referred to a United States District Judge for review. Objections, if any, are due June 6, 2005. If no objections are filed, the Findings and Recommendations will go under advisement on that date.

If objections are filed, a response to the objections is due June 20, 2005, and the review of the Findings and Recommendation will go under advisement on that date.

DATED this 20th day of May, 2005.

/s/ Dennis J. Hubel
Dennis J. Hubel
United States Magistrate Judge